JEFFERSON (Bernard), J.
I concur in part and dissent in part.
I agree with the majority’s holding that, on the record before us, the trial court erred in not granting the minor’s motion for disclosure of the informer’s identity, which requires a reversal of the trial court’s orders. But I disagree with the majority’s conclusion that, on remand, the prosecutor should be given an opportunity to request an in camera hearing for the purpose of seeking to establish that the informer would not be a material witness on the issue of the minor’s innocence. This procedure would give the prosecutor a second opportunity to seek the same ruling from the trial judge—a denial of the minor’s motion for disclosure of the identity of the informer. The minor could thus be put in the unfair position of having to take an appeal from a new order declaring him a ward of the juvenile court in an effort to claim error in the trial court’s second ruling denying his motion for disclosure.
I would remand the case to the trial court with directions that the prosecutor be ordered to reveal the identity of the informer and, if the prosecutor still stands upon the privilege for nondisclosure, to dismiss the petition against the minor.
The majority’s directions on remand gives the prosecutor a second bite of the apple in seeking to withhold from the minor disclosure of the informer’s identity—a bite which the prosecutor is not entitled to receive. I find the majority’s view to be unsound, untenable and unsupportable by either logic, reason, experience, or any valid principles of statutory interpretation.
The majority’s view that, on remand, “for the first time, the trial court is in a position to hold the in camera hearing,” is patently erroneous. The *480 majority’s conclusion that, during the proceedings below, the prosecutor “had no reason (and perhaps no right) to request a hearing on the privilege issue,” is equally erroneous and fallacious.
The majority simply overlooks the plain and lucid language of Evidence Code section 1042, subdivision (d). Subdivision (d), in part pertinent to the issue before us, provides: “When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 [the privilege for nondisclosure of the identity of an informant] is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial.” (Italics added.)
There is no ambiguity in the provisions of Evidence Code section 1042, subdivision (d). The procedure outlined is clear and specific. When a motion is made by a defendant (or a minor in juvenile court) for the disclosure of the identity of an informant, and a privilege for nondisclosure of such informant’s identity is asserted (Evid. Code, § 1041), the prosecution is entitled to request an in camera hearing so that information may be presented to aid the trial court in determining whether to grant the motion for disclosure. When such a request for an in camera hearing is made, the trial court has no discretion to deny the prosecution’s request. The trial court must conduct an in camera hearing as well as the adversary hearing before ruling on defendant’s motion for disclosure of the informer’s identity. The purpose of providing for two hearings in Evidence Code section 1042, subdivision (d), is to expand the information at the trial court’s disposal so that the court—without having to speculate—may assess correctly the importance or lack of importance of the informant’s testimony on the issue of defendant’s innocence of the charged crime.
*481 Thus, in the case at bench, the prosecution resisted the minor’s motion for disclosure of the identity of the informer by asserting the privilege for nondisclosure authorized by Evidence Code section 1041. But the prosecution did not choose to request an in camera hearing (Evid. Code, § 1042, subd. (d)) in addition to the adversary hearing being conducted by the court in which all parties were participating. The prosecution obtained a favorable ruling from the trial court—denying the minor’s motion for disclosure of the identity of the informer—even though no in-camera hearing was held because the prosecution made no request for such a hearing.
But the majority in today’s opinion rewards the prosecution for its trial court tactics of obtaining a favorable ruling on nondisclosure without having requested an in camera hearing, by giving the prosecution a second chance to offer evidence, not offered before, to prove that the trial court, was correct in its initial ruling against disclosure in spite of the fact that we hold that that ruling was error.
Contrary to the view of the majority, I consider the reasoning in People v. Viramontes (1978) 85 Cal.App.3d 585 [149 Cal.Rptr. 607], as persuasive in the case before us. In Viramontes, the court considered a People’s appeal from a dismissal which was based upon the failure of the prosecution to disclose the identity of an informant as ordered below. The judgment of dismissal was affirmed without remand for an in camera hearing, the court declaring that “[h]aving failed to avail themselves of the statutory procedure which ‘allows the prosecutor to produce the informant in camera so that the court can determine just what the informant knows, and whether his testimony would be material on the issue of guilt’ [citation], the People cannot now complain. . . .” (Id., at p. 593.)
The distinction which the majority makes between Viramontes and the case before us—a trial court’s ruling in favor of defendant contrasted with a trial court’s ruling in favor of the prosecution—is without substance or merit. The prosecutor gambled in our case as he did in Viramontes to see which way the trial court would rule. It happened in Viramontes that the trial court ruled in favor of disclosure, while in our case the trial judge ruled against disclosure.
But the only way to keep a prosecutor from gambling on a favorable ruling without requesting an in camera hearing is to preclude any request by the prosecutor for an in camera hearing after a reversal on appeal.
*482 This does not mean that the defendant necessarily goes free of prosecution. It simply means that the prosecution must either reveal the identity of the informer or else incur a dismissal of the prosecution.
The view I espouse in this situation is not unlike the result reached in another area by the California Supreme Court in People v. Belton (1979) 23 Cal.3d 516 [153 Cal.Rptr. 195, 591 P.2d 485]. In Belton, the trial court erroneously denied a defendant’s motion for judgment of acquittal, made pursuant to Penal Code section 1118, after the prosecution’s case in chief had been completed. The trial proceeded and the missing link in the prosecution’s case in chief was supplied by the prosecution’s evidence presented in rebuttal, resulting in defendant’s conviction. In reversing defendant’s conviction, the Supreme Court forbade a retrial and directed a judgment of acquittal. In so ruling, the court observed: “However, a general reversal is not adequate, since a retrial would result. (Pen. Code, § 1262.) Such a retrial would allow the prosecution to accomplish by indirection that which this court holds it cannot do directly. To be consistent with the Legislature’s intent in enacting section 1118, this court cannot afford the prosecution, having once failed to prove a prima facie case, a second opportunity to present the evidence against a defendant.” (Belton, supra, 23 Cal.3d 516, 527.)
The Belton reasoning is applicable to the situation presented in the case at bench. The prosecution should not be allowed to accomplish by indirection that which it had an opportunity to accomplish but failed to do so directly in the proceedings prior to this appeal. To be consistent with the Legislature’s intent in enacting Evidence Code section 1042, subdivision (d), this court should not afford the prosecution, having once failed to request an in camera hearing to present evidence against the minor’s motion for disclosure of the identity of the informer, a second opportunity to request an in camera hearing to present evidence in opposition to the minor’s motion for disclosure of the identity of the informer.
The Belton and Viramontes holdings constitute no unfairness to the prosecution. But the majority’s holding in the case at bench constitutes a manifest injustice to the minor who has appealed and to any other minor or defendant similarly situated in the future whose appeal comes before this court.
A petition for a rehearing was denied July 17, 1979, and respondent’s petition for a hearing by the Supreme Court was denied August 22, 1979.